## Case No. 3,947.

### In re DODGE.

[2 Ben. 347;[1] 7 Am. Law Reg. (N. S.) 438; 1 N. B. R. 435 (Quarto, 115); 1 Am. Law T. Rep. Bankr. 120.]

District Court, S. D. New York. April 6, 1868.

BANKRUPTCY—DISCHARGE—"NO ASSETS."

Where the assets of a bankrupt consisted of an interest in certain notes, from which the assignee in bankruptcy had collected nothing for more than sixty days after the adjudication of bankruptcy: *Held*, that, "no assets" had come to the hands of the assignee, within the meaning of section 29 of the bankruptcy act [of 1867 (14 Stat. 531)].

[Cited in Re Van Riper, Case No. 16,874.]

Before Henry W. Allen, Register.

In this case the register certified to the court the following statement of facts and questions: "The only assets of the bankrupt [Oliver W. Dodge] consist of certain notes, accounts, and claims, all past due and unpaid, in which he had a one-seventh interest,

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

valued at $250, which interest has passed to the assignee, Mr. John Sedgwick, who has not received or paid any moneys whatever for, or on account of, the bankrupt's estate. One or more creditors have proved their claims against the estate of the bankrupt. More than sixty days having elapsed since the adjudication of bankruptcy, can the bankrupt now apply to the court for his discharge, under section twenty-nine of the act, on the ground that there are no assets? Are accounts, claims, and demands, from which nothing may be collected or realized, considered to be assets within the meaning of said section twenty-nine, so as to prevent the bankrupt from making application for his discharge until after the expiration of six months?"

[And the said parties requested that the same should be certified to the judge for his opinion thereon.

[Dated at the city of New York, the 27th day of March, A. D. 1868.][2]

Martin & Smith, for bankrupt.

BLATCHFORD, District Judge. Where, at the time of the application for a discharge, the assignee has neither received nor paid any moneys on account of the estate, the case is to be regarded as one in which no assets have come to his hands, within the meaning of section 29 of the act. This is the interpretation given to such expression, "no assets," by the justices of the supreme court. Form No. 35 is headed, "Assignee's Return Where There are no Assets;" and that form consists merely of the oath of the assignee that he has "neither received nor paid any moneys on account of the estate."